

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM D. MALLON, JR.,

    Plaintiff,

v.                                       CIVIL ACTION NO. 3:11cv248

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:    David N. Anthony, Registered Agent
               1001 Haxall Point
               Richmond, VA 23219

TRANS UNION, LLC.

SERVE:    Corporation Service Company, Registered Agent
               11 S. 12th Street
               Richmond, VA 23218

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, **WILLIAM D. MALLON, JR.,** by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendant maintains its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

5. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. On or about February 21, 2007 the Plaintiff, **WILLIAM D. MALLON, JR.**

(hereinafter "*Mallon*") filed his Voluntary Petition for Chapter 7 bankruptcy relief with the United States Bankruptcy Court, Eastern District of Virginia. Included in the bankruptcy filing was a credit card account with Chase Bank, USA.

11. On or about May 3, 2007, *Mallon* filed with the Bankruptcy Court a Reaffirmation Agreement with Chase Bank, USA, NA for repayment of the credit card debt that he owed to Chase.

12. By signing the Reaffirmation Agreement with Chase Bank, USA, NA, the Plaintiff agreed to be personally liable for the debt and that the debt would not be discharged in his bankruptcy.

13. On or about April 16, 2009 *Mallon* received a letter that his Reaffirmation Agreement balance had been paid in full.

14. On or about April 2009, *Mallon* obtained a copy of his *Experian* and *Trans Union* credit file and learned that the Chase account was reporting as closed and included in bankruptcy.

15. On or about April 15, 2009, *Mallon* disputed the account with *Experian* via its on-line dispute system.

16. On or about April 15, 2009, *Mallon* disputed the account with *Trans Union* via its on-line dispute system.

17. On or about May 16, 2009 *Experian* forwarded the results of its investigation to the Plaintiff and stated that the account had been updated, however, the Chase account was still reporting as included in bankruptcy.

18. On or about July 17, 2009 *Mallon* again disputed the inaccurate reporting of the Chase account with *Experian* and *Trans Union* in writing and informed that the debt had been

reaffirmed, paid in full and not discharged in his bankruptcy. Plaintiff provided *Experian* and *Trans Union* with a copy of the letter that he had received confirming that the reaffirmation balance had been paid in full on the Chase account.

19. On or about July 29, 2009 *Experian* forwarded the results of its investigation to the Plaintiff and indicated the status of the account had been updated, however, the only update noted with regard to this account was a notation that the account had been transferred or sold and it was still reporting the Chapter 7 bankruptcy status.

20 On or about July 22, 2009 *Trans Union* forwarded the results of its investigation to the Plaintiff and indicated that new information was being provided regarding the account. The Chase account was still reporting the bankruptcy status with a new notation that the account had been sold.

21. The reporting of the Chase account status by *Experian* and *Trans Union* was inaccurate and occurred because the Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it publishes and maintains concerning the Plaintiff. Specifically, *Experian* and *Trans Union* do not follow the same automated and systematically rigorous processes to obtain bankruptcy information for accounts that have been reaffirmed after a bankruptcy is filed, that it otherwise follows to obtain the derogatory entry of the initial bankruptcy filing in the first place. In *Mallon's* instance, if the Defendants had followed such procedures, they could have reviewed the electronic bankruptcy records showing that on May 3, 2007, Mallon reaffirmed the Chase account.

22. *Experian* and *Trans Union* each furnished multiple consumer reports regarding *Mallon* to third parties that contained the inaccurate information alleged herein.

23. *Experian* and *Trans Union* received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Experian and Trans Union* merely "parroted" the information dictated to it by Chase.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. Defendants each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff.

26. As a result of the conduct, actions, and inactions of the Defendant as alleged in this Count, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. Defendants' violation of 15 U.S.C. § 1681e(b) was willful, rendering each Defendant individually liable pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(1)

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. Defendants each violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the account disputed by *Mallon* was accurate, complete, and current and to record the current status of the disputed information following the reinvestigation.

31. As a result of the conduct, actions, and inactions of the Defendants as alleged in this Count, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

32. Defendants' violation of 15 U.S.C. § 1681i(a)(1) were willful, rendering each Defendant individually liable pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of the Plaintiff's dispute to Chase and by failing to include all relevant information regarding the Plaintiff's disputes.

36. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

41. As a result of the conduct, actions and inactions of *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

42. *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45. *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

46. As a result of the conduct, actions and inactions of *Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. *Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

**WILLIAM D. MALLON, JR.,**

By: *[signature: Susan M Rotkis]*

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*